961 F.2d 533
 22 Fed.R.Serv.3d 993, Prod.Liab.Rep. (CCH) P 13,185
 In re Ralph C. MANGUNO.
Alvin J. ACOSTA, Plaintiff-Appellant,
v.
BABCOCK & WILCOX, a Delaware Corporation, et al., Defendants,
Owens Illinois Corp., an Illinois Corporation, and Keene
Corp., a Delaware Corporation, Defendants-Appellees.
In re Ralph C. MANGUNO.
Mamie KING, Widow of Ottis King, et al., Plaintiffs-Appellants,
v.
BABCOCK & WILCOX, a Delaware Corporation, et al., Defendants,
Owens Illinois Corp., an Illinois Corporation, and Keene
Corp., a Delaware Corporation, Defendants-Appellees.
In re Ralph C. MANGUNO.
Estelle P. TURNER, Plaintiff-Appellant,
v.
BABCOCK & WILCOX, et al., Defendants,
Keene Corporation, a Delaware Corporation, Defendant-Appellee.
 No. 90-3714.
 United States Court of Appeals,
Fifth Circuit.
 May 26, 1992.
 
 M.H. Gertler, Rodney P. Vincent, Gertler, Gertler & Vincent, New Orleans, La., for plaintiffs-appellants.
 Curtis E. Presley, III, Walter G. Watkins, Jr., Ronald Collins, Foreman, Perry, Watkins & Krutz, Jackson, Miss., for Owens Illinois & Keene.
 Appeals from the United States District Court For the Eastern District of Louisiana.
 Before POLITZ, Chief Judge, HIGGINBOTHAM, Circuit Judge, and KAZEN,* District Judge.
 POLITZ, Chief Judge:
 
 
 1
 In these consolidated diversity jurisdiction actions for damages under Louisiana tort law, the plaintiffs appeal the rejection of their claims against various producers of asbestos products. Finding an error in the jury instruction on causation, we reverse and remand for a new trial.
 
 Background
 
 2
 The plaintiffs-appellants seek damages resulting from lung cancer contracted by Alvin J. Acosta, Ottis King, and Jeff Turner. Plaintiffs in the three cases are Alvin J. Acosta; Mamie King, the widow of Ottis King, and their five children; and Estelle Turner, widow of Jeff Turner. During the course of their years of employment Acosta, King, and Turner were exposed to asbestos products. All three smoked cigarettes.
 
 
 3
 A jury trial on causation resulted in a verdict for the defendant-manufacturers of asbestos products.[1] Plaintiffs' theory of the case was that cigarette smoking and asbestos were concurrent causes of lung cancer. In Acosta's case an expert had found asbestos fibers in his lung tissue and testified that he had the type of lung cancer associated with asbestos. The expert also testified that Acosta suffered from interstitial and pleural fibrosis, conditions associated with the inhalation of asbestos fibers. This expert testified that Acosta's asbestos exposure was associated with his lung cancer and was a substantial contributing factor. He could not exclude the possibility that cigarette smoking had played a part in the development of the lung cancer.
 
 
 4
 The expert called to testify about King's condition observed interstitial fibrosis, asbestosis, and asbestos bodies in King's lung tissue, and testified that in all probability asbestos was a significant contributing cause of the cancer. He could not say, however, that he had found no effect of any other carcinogen. King's treating physician testified that King's occupational asbestos exposure was a significant contributing factor to his lung cancer. This physician also testified that if, hypothetically, King had not had any asbestos exposure, then he would have to conclude that the cancer was caused by cigarettes.
 
 
 5
 In Turner's case, an expert testified that exposure to asbestos was one causal factor contributing to Turner's lung cancer. Relative to asbestos exposure and smoking, the expert opined that the two causes multiplied the risks but he knew of no scientific way to proportion the relative contributions of the two causes.
 
 
 6
 Over the plaintiffs' objections,[2] the trial court gave the following instruction regarding causation:
 
 
 7
 An injury is caused by the defendant's product when it appears that the exposure to asbestos contributed a substantial part in bringing about or actually causing the injury, disease or damage and that the injury, disease or damage was either a direct result of or the product of a natural and continuous sequence produced by the asbestos exposure.
 
 
 8
 This does not mean that the law recognizes only one proximate cause of an injury or damage, consisting of only one factor or thing or the conduct of only one person. On the contrary, many factors or things may operate at the same time, either independently or together, to cause injury or damage, and in such case, each may be a cause, so long as it can reasonably be said that, except for the asbestos exposure, the injury complained of would not have occurred.
 
 
 9
 (Emphasis added.) Apparently based on this instruction the jury concluded that asbestos products did not cause the plaintiffs' injuries; a verdict was returned finding for the defendants.
 
 
 10
 Notice of appeal was timely filed for: (1) Alvin J. Acosta; (2) Estelle P. Turner; and (3) Mamie King, et al. For the reasons discussed herein, we have appellate jurisdiction only over the claims of these three named appellants; we do not have jurisdiction over the claims of the King children.
 
 Analysis
 1. Jury Instructions
 
 11
 The plaintiffs' theory of causation did not dispute that cigarettes alone may cause cancer; but, rather, they argued that together tobacco and asbestos concurrently and synergistically cause cancer, and that once the cancer was contracted, it was a medical impossibility to distinguish whether cigarettes alone or asbestos alone was the cause. Given this trial theory, the plaintiffs claim reversible error in the "but for" jury instruction, an instruction that effectively sealed the fate of their concurrent cause hypothesis.
 
 
 12
 Plaintiffs correctly note that Phillips Petroleum Co. v. Hardee, 189 F.2d 205 (5th Cir.1951), made manifest that a "but for" definition of causation is inappropriate in a concurrent cause Louisiana tort action.[3] The defendants argue that the case at bar is not a concurrent cause case because, unlike the stereotypical examples, i.e. two converging fires or two fatal bullets, these facts do not impel the conclusion that either asbestos or tobacco independently would have caused the damage of which the plaintiffs complain. The defendants claim that the concurrent cause rule serves the goal of preventing tortfeasors from escaping liability with the excuse that independent extraneous events would have harmed the plaintiff anyway; under the defendants' theory the rule is limited to this goal. Defendants posit, then, that a case cannot be a concurrent cause case unless the defendants' actions alone could have caused the damage.
 
 
 13
 This argument misperceives Louisiana law. "[T]here can be more than one cause in fact making both wrongdoers liable." Hastings v. Baton Rouge General Hospital, 498 So.2d 713, 720 (La.1986) (citing Dixie Drive It Yourself Systems v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Anthony v. Hospital Service District No. 1, 477 So.2d 1180 (La.App.1985), cert. denied, 480 So.2d 743 (La.1986); Thomas v. Corso, 265 Md. 84, 288 A.2d 379 (1972)). The long-recognized principle of Louisiana law that causation is not defeated by the possibility that the injury would have happened without the defendant's involvement has never been relegated to only those cases in which a plaintiff first proves that the defendant alone would have caused the harm. See Wheat v. State Farm Fire and Casualty Co., 583 So.2d 1 (La.App.), cert. denied, 583 So.2d 1145 (La.1991) (citing Reynolds v. Texas & Pacific Ry. Co., 37 La.Ann. 694 (1884); Turner v. Safeco Ins. Co. of America, 472 So.2d 43 (La.App.1985)). We have abjured but for causation in the context of lung cancer injuries alleged to have been caused by asbestos. Petes v. Hayes, 664 F.2d 523 (5th Cir.1981). The Petes court ordered a new trial because a jury interrogatory wrongfully placed upon the plaintiff the burden of proving that the plaintiff's disease "specifically" resulted from asbestos. We distilled the controlling Louisiana law thusly: "Many factors or things or the conduct of two or more persons or companies may operate at the same time either independently or together to cause injury and in such case may be a proximate cause." 664 F.2d at 525 n. 1.
 
 
 14
 The defendants contend that because the jury charge as a whole was not misleading, prejudicial, or confusing the error is not reversible. See Bradshaw v. Freightliner Corp., 937 F.2d 197 (5th Cir.1991). They observe that at the onset of the jury charge, the court instructed that the issue was whether asbestos was "a cause" of injury. The court, however, immediately added that the term "causation" would be explained later. Because the subsequent explanation of causation was incorrect, we do not ascribe to the "a cause" language the amelioration suggested by appellees. Like the Petes court, we find that the error "cuts to the heart of the legal issue in this case." 664 F.2d at 526. In each of the three cases, at least one expert expressly acknowledged that he could not exclude the causal contribution of cigarette smoke. Under the charge as given to the jury, however, that was the burden of proof required of the plaintiffs. The testimony of the plaintiffs' witnesses was to the effect that the asbestos exposure "played a substantial part in bringing about or actually causing the injury...." Petes, 664 F.2d at 525 n. 1. That the jury was not informed that this testimony could have been sufficient to establish legal causation if the long-established standard of probabilities was met constitutes reversible error. In today's wide world of carcinogens, a conscientious jury would be hard pressed to state unequivocally that a person would not get cancer absent exposure to asbestos.
 
 
 15
 Defendants invite our attention to the unpublished opinion in Bordelon v. Fibreboard Corp., (5th Cir.1990) [897 F.2d 527 (table) ]. We do not find Bordelon dispositive and decline to follow its suggested path. The Bordelon jury was advised:
 
 
 16
 If Mr. Bordelon probably would have contracted the lung cancer, regardless of his exposure to asbestos, then you must conclude that the damages were not caused by defendants and must render a verdict for the defendants. If, on the other hand, you find that Mr. Bordelon probably would not have contracted the lung cancer, in the absence of exposure to asbestos, then you must conclude that exposure to asbestos did play a substantial part in plaintiff's damages.
 
 
 17
 Slip op. at 3. We recognized that this language may have confused the jury's understanding of applicable law, but we nonetheless affirmed the judgment based on a finding that the charge as a whole was not prejudicially misleading. The totality of the charge, which is not recited in the Bordelon decision, apparently satisfied the panel that the effect of the erroneous jury instruction was adequately ameliorated.[4] If it were not, Bordelon would be inconsistent with our earlier decision in Petes. If that be so, we are bound to follow the earlier precedent. Broussard v. Southern Pacific Transp. Co., 665 F.2d 1387 (5th Cir.1982) (en banc ) (later panel must follow prior panel decision when state law supplies rule of decision). Bordelon provides no guidance to today's ruling.
 
 2. Notice of Appeal
 
 18
 Federal Rule of Appellate Procedure 3(c) requires that a notice of appeal specify the party or parties taking the appeal. The notice of appeal for the King family recites merely "Mamie King, et al." The Supreme Court has made abundantly clear that the language "et al." in a notice of appeal fails to provide the required notice. Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). Torres held that a federal Court of Appeals was without jurisdiction to hear the appeal of one of sixteen plaintiffs whose name was omitted from the notice of appeal. A secretary had inadvertently omitted this plaintiff's name in typing the rather lengthy list. The Supreme Court held that the appellate court lacked jurisdiction to consider the claim of this innocently omitted plaintiff because the notice of appeal did not give "fair notice of the specific individual or entity seeking to appeal." Id.
 
 
 19
 We have found that the requisite fair notice has been given by "et al." if only two individuals are parties. Pope v. Mississippi Real Estate Commission, 872 F.2d 127 (5th Cir.1989). In this limited circumstance, "et al." could only represent the one other party to the action. By contrast, in the case at bar five individuals could be deemed included in that reference. The plaintiffs argue that throughout the entire litigation, all parties have understood that the language "Mamie King, et al." applied to the King family, and it is therefore obvious to whom the notice referred. We find that argument very persuasive and adopted that very rationale in a similar case, Ayres v. Sears, Roebuck & Co., 789 F.2d 1173 (5th Cir.1986). The Supreme Court found this to be in error in Torres. See 487 U.S. at 314 n. 1, 108 S.Ct. at 2407 n. 1. We have no jurisdiction over the appeal of the King children and we may not affect the judgment of the district court as to them.
 
 
 20
 The judgment of the district court as to Alvin J. Acosta, Mamie King, and Estelle P. Turner is REVERSED and the matter is REMANDED for a new trial consistent herewith.
 
 
 
 *
 District Judge for the Southern District of Texas, sitting by designation
 
 
 [1]
 By the time of trial only two defendants and the issues of causation and damages remained. The trial was bifurcated. In the first phase the court addressed damages and the general issue whether asbestos caused the injuries. In the second phase, specific asbestos products were to be the focus of inquiry
 
 
 [2]
 The plaintiffs timely objected to the jury instruction given in this case. In addition, the plaintiffs requested an instruction that: Where two independent factors combine to cause a single injury one sole defendant can be liable "even though ... the same might have resulted from the act of the other." Alleging error in the instruction given, the plaintiffs moved for a new trial
 
 
 [3]
 See id. at 212 (liability may exist even if " 'the same damage might have resulted from the act of the other tortfeasor....' " (citation omitted)); see also William L. Crowe, Sr., The Anatomy of a Tort--Greenian, as Interpreted by Crowe Who Has Been Influenced by Malone--A Primer, 22 Loy.L.Rev. 903, 905 (1976) (criticizing the "but for" test as unhelpful under Louisiana tort law)
 
 
 [4]
 The thrust of the plaintiff's complaint in Bordelon was that the instruction misinformed the jury regarding the plaintiff's theory that asbestos accelerated or aggravated a preexisting condition. Viewed in that context, then, the charge may not have had the directly contradictory effect on the plaintiff's theory of causation as did the charge in the case at bar