1 JETERS, Judge.
This personal injury suit arose out of a collision between a vehicle driven by Larry Craig, Jr., and a farm tractor driven by Robert Brooks. Craig and his wife, Paula, brought suit individually and on behalf of their minor son, Dondré Craig (Dondré), against Brooks, Ronald R. Hebert, Ronald R. Hebert, Inc., and Louisiana Farm Bureau Insurance Company (Farm Bureau). Issue was never joined as to Ronald R. Hebert and Ronald R. Hebert, Inc. Brooks and Farm Bureau filed a cross claim against Craig, claiming contribution and indemnity for the amount of any judgment cast against them in favor of Dondré. After a bench trial, the trial court found Brooks’ fault to be the sole cause of the accident and awarded individual damages to all three plaintiffs and against Brooks and Farm Bureau. The defendants then filed an appeal of the judgment. After filing the appeal, the defendants settled the claims of Mr. and Mrs. Craig, leaving only the judgment of $30,000.00 plus medical expenses awarded to Dondré at issue. *262 For the following reasons, we affirm the remainder of the trial court’s judgment in all respects.
DISCUSSION OF THE RECORD
Ronald R. Hebert, Inc., is a corporation which operates a sugar cane farm operation in Iberia Parish, Louisiana. At approximately five o’clock p.m. on November 13, 1996, Robert Brooks, an employee of the corporation, was driving a tractor westbound on Martin Luther King Drive in Iberia Parish, near Jeanerette, Louisiana. Brooks was in the course and scope of his employment with the corporation at the time, and Farm Bureau provided Lability insurance coverage for his employer. As he attempted to make a left turn, his tractor struck a vehicle being driven by Craig, who was in the process of passing the tractor. Dondré, a guest passenger in his father’s automobile, sustained seat belt burns to his neck and chest and lacerations to his face, as a result of the accident.
LAt the point of the accident, Martin Luther King Drive is a rural highway with a speed limit between twenty-five and thirty-five miles per hour and with sugar cane fields on each side of the highway. Brooks did not appear at trial, and his testimony was presented by deposition. Brooks testified that because it was sugar cane season, he had been busy all day, hauling sugar cane to the mill. According to Brooks, at the time of the accident, he was on his way to clean out a drain in a field adjacent to Martin Luther King Drive. As he approached his destination, he looked for the presence of traffic in both directions and activated his left turn signal light. Believing the way to be clear, Brooks began his left turn maneuver and struck the right back wheel of Craig’s vehicle with the tractor’s left front wheel. The impact caused the Craig vehicle to flip and land upside down.
Craig testified that he was also traveling in a westerly direction on Martin Luther King Drive. When he first observed Brooks’ tractor, he was stopped at a stop sign approximately forty yards behind the tractor. According to Craig, he accelerated and before reaching the tractor, had reached a speed of approximately forty-five miles per hour. Craig checked the eastbound lane of traffic and, seeing no other vehicles on the road and no indication that the tractor was going to do anything other than proceed forward, began to pass the tractor. Dondré occupied the passenger seat at the time of the accident.
Finding Craig to be most credible, the trial court determined that Brooks did not activate his left turn signal and that he failed to make sure that the road was safe and free of oncoming or approaching traffic before executing the left turn. Additionally, the trial court found that Craig’s speeding was not the proximate cause of the accident. In reaching the conclusion that Brooks’ fault was the sole cause of the accident, the trial court awarded Dondré $30,000.00 in general damages and | ^awarded his parents $1,510.50 in medical expenses against Brooks and Farm Bureau.
Brooks and Farm Bureau appeal the trial court’s finding of no liability on the part of Craig and the quantum of the trial court’s award to Dondré.
OPINION
Both Craig and Brooks were engaged in dangerous activities, and Louisiana jurisprudence requires that they both exercise a high degree of care when exercising their respective maneuvers. Kilpatrick v. Alliance Cas. and Reinsurance Co., 95-17 (La.App. 3 Cir. 7/5/95); 663 So.2d 62, writ denied, 95-2018 (La.11/17/95), 664 So.2d 406. Pursuant to La.R.S. 32:104, a left-turning motorist is required to signal his intent to turn at least one hundred feet from the turning point and is required to take steps to ensure that the maneuver can be made without endangering a passing vehicle. Additionally the left-turning motorist’s burden “is not discharged by the mere *263 signaling of an intention to turn. The giving of a signal ... is immaterial if at the time the driver of the turning vehicle did not have the opportunity to make the turn in safety.” Kilpatrick, 668 So.2d at 66.
The duties associated with a passing motorist’s actions are described in La.R.S. 32:73 and La.R.S. 32:75.
Based on these statutes, the jurisprudence holds that the driver of a following or overtaking vehicle must be alert to the actions of motorists preceding him on the highway. More particularly, the driver of an overtaking or passing vehicle has the duty to ascertain before attempting to pass a preceding vehicle that from all the circumstances of traffic, lay of the land, and conditions of the roadway, the passing can be completed with safety.
Kilpatrick, 663 So.2d at 66. (Citations omitted.)
On appeal, the defendants assert that the trial court erred in not finding that Craig was partially at fault in causing the accident.
Determination of causation under these circumstances is clearly a factual ^inquiry and, therefore, subject to the manifest error standard of review. See Marshall v. A & P Food Co. of Tallulah, 587 So.2d 103 (La.App. 2 Cir.1991). An appellate court may set aside a trial court’s finding of fact only if it is manifestly erroneous or clearly wrong. Under the manifest eiTor standard of review, an appellate court does not determine whether a factual finding is right or wrong but, rather, whether the conclusion is reasonable based on the entirety of the record. Stobart v. State, Through Dep’t of Transp. and Dev., 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989).
Pivotal to the issue of Craig’s fault is whether or not Brooks signaled his intent to turn. Finding Craig to be more credible than Brooks, the trial court determined that Brooks failed to activate his left turn signal. We find the trial court’s decision to adopt Craig’s version of events to be reasonable in light of his credible testimony as compared to that of Brooks. Moreover, a trial court’s factual finding which is based on a trial court’s decision to credit the testimony of one of two or more witnesses, which is not completely contradicted by the evidence or internally inconsistent, “can virtually never be manifestly erroneous or clearly wrong.” Rosell, 549 So.2d at 845.
The defendants urge that Craig’s failure to blow his horn or otherwise notify Brooks of his presence negligently contributed to the accident. However, nothing in La.R.S. 32:73 or 32:75 requires that such action be taken by a passing driver. La. R.S. 32:351 requires a driver to sound his horn only when it is “reasonably necessary to insure safe operation” of his vehicle. Thus, one who is passing is not automatically required to sound his horn. Rather, it depends on a case-by-case basis. Summarell v. Ross, 27,160 (La.App. 2 Cir. 8/23/95); 660 So.2d 112. With no signal warning him of Brook’s impending turn, Craig had no way to know that the “safe operation” of his vehicle would be threatened, and, therefore, he was not required to sound his lBhorn. Instead, it was the left-turning motorist, Brooks, who had a statutory duty to communicate with the passing driver by signaling his turn. La. R.S. 32:104.
Additionally, defendants argue that Craig negligently failed to ensure that it was safe before attempting to pass as is required under La.R.S. 32:75. As previously noted, a left-passing motorist must assess whether or not it is safe to pass, based on the “circumstances of traffic, lay of the land, and conditions of the roadway. ...” Kilpatrick, 663 So.2d at 66. As to the circumstance of traffic, Craig testified that he “peeped” from his car and determined that no vehicles, other than the tractor, were present on the roadway. Because Craig was aware of the many sugar *264 cane fields lining the road, the defendants assert that he should have known that the driver of the tractor was likely to turn off onto one of them. However, Craig was not under a duty to anticipate the preceding drivers’ intention to turn. See Kilpatrick, 663 So.2d 62. Most importantly, Craig checked but failed to find any turn signals or lights of any kind on the tractor to indicate that it was unsafe to pass.
The defendants also assert that Craig’s speeding was a factor in causing the accident. However, we find the trial court’s determination that his speed was not the proximate cause of the accident to be reasonable based on the record. We cannot say it is manifestly erroneous or clearly wrong to conclude that even if Craig were driving below the speed limit, he would not have known to refrain from passing since Brooks failed to warn him of his intention to turn. Therefore, we find no manifest error in the trial court’s determination that Craig was free from fault in causing the accident.
The defendants also assert that the trial court’s damage award is excessive. Dr. Elliott B. Black, III, a Metairie, Louisiana plastic surgeon, testified that Dondré sustained multiple small scars and one large elevated scar. The larger scar ran lateral from the right eye to the temporal area. He also found that Dondré suffered from |fihyperpigmentation, a darkening of the skin, on both sides of his face. In Dr. Black’s opinion, Dondré’s scarring and hyperpigmentation are permanent, and the child can expect only minimal improvement with scar revision surgery.
Craig testified that Dondré missed three weeks of school due to the accident but his grades did not suffer. He also testified that at school, children teased Dondré by calling him “Scar Face.” Additionally, the boy had nightmares and difficulty sleeping. However, Craig admits that the injuries have become less visible with time, and the name calling is no longer a problem.
In Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994), the Louisiana Supreme Court commented on the discretion given the trial court on issues of general damages and stated the following:
[T]he discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages.... It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
At the time of the accident, Dondré, was only seven years old. Already a victim of teasing due to his scar, Dondré will have to face an entire lifetime, including many more years of schooling and dating, with a prominent scar on his face. Therefore, we find that this particular award for this particular injury under these particular circumstances is not an abuse of the trial court’s vast discretion.
DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court in all respects. All costs of this appeal are assessed against Robert Brooks and Farm |7Bureau Insurance Company of Louisiana.
AFFIRMED.