799 So.2d 1161 (2001)
Diane DUNCAN, et al, Plaintiffs-Appellees,
v.
SAFEWAY INSURANCE COMPANY OF LOUISIANA, et al, Defendants-Appellants.
Kenneth Cash and Pamela Cash, Plaintiffs-Appellees,
v.
Sharon Duncan, et al, Defendants-Appellants.
Nos. 35,240-CA, 35,241-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
*1162 Tracy L. Oakley, Ruston, Counsel for Appellants, Safeway Insurance Company and Sharon Duncan.
Law Offices of Richard E. Britson, Jr., by Bruce A. Bannon, Casten & Pearce, by Layne J. Clark, Jr., Counsel for Appellee, CNA Insurance Company.
Norman R. Gordon & Associates, by W. Brett Cain Diane, Counsel for Appellees, Duncan and Sharon Duncan.
Sam L. Jenkins, Jr., Shreveport, Counsel for Appellees, Kenneth Cash and Pamela Cash.
Before STEWART, PEATROSS and KOSTELKA, JJ.
KOSTELKA, J.
From these consolidated cases, arising as the result of an automobile accident, Sharon Duncan ("Duncan") and Safeway Insurance Company of Louisiana ("Safeway") appeal the trial court's assessment and evaluation of fault. After de novo review, we affirm.

FACTS
On August 9, 1999, Kenneth Cash ("Cash") and his wife, Pamela ("Pamela"), traveled west toward Pamela's grandmother's home on Tate Street in Shreveport, Louisiana. Cash drove a vehicle owned by Angela Stills and insured by CNA Insurance Company ("CNA").[1] As he attempted to turn left into the private driveway, a passing westbound vehicle, driven by Duncan, collided with Cash's car. The vehicle driven by Duncan was owned by her mother, Ella Duncan ("Ella"), and insured by Safeway. Passengers in Duncan's car were her two daughters, Diane and Rochelle, and Diane's nineteen-month-old son, Devont'e. All of the parties, except Duncan, received injuries as the result of the mishap.
*1163 On March 12, 2000, Diane, individually, and on behalf of her minor child, Devont'e, and Duncan, on behalf of her minor child, Rochelle, instituted suit for damages against Safeway, Duncan, CNA and Cash.[2] On March 30, 2000, Cash filed suit for damages against Duncan, Ella and Safeway. The cases were consolidated for trial.
After hearing the testimony and reviewing the evidence, the trial court found Duncan 100 percent at fault in causing the accident. The court rendered judgment against Duncan and Safeway in the amount of $16,895.00 in damages to Cash, Pamela, Diane, Rochelle and Devont'e and $500.00 in expert fees. The court also awarded CNA a $4,105.62 reimbursement for property damage and rental expenses. This appeal by Duncan and Safeway ensued.

DISCUSSION
On appeal, Duncan and Safeway ("appellants") argue that the trial court erroneously applied a presumption of fault against Duncan, neglected to apply a presumption of fault against Cash, the left-turning driver, and erred in failing to assess Cash with fault.
Our review of the jurisprudence reveals that appellants correctly urge error in the trial court's application of a "wrong lane of travel" presumption of fault against Duncan. Such a presumption is utilized solely in cases where a collision occurs in the wrong lane of travel as the result of a driver's loss of control of his vehicle. See Shephard on Behalf of Shepard v. Scheeler, 96-1690 (La.10/21/97), 701 So.2d 1308; Ferrell v. Fireman's Fund Ins. Co., 94-1252 (La.02/20/95), 650 So.2d 742. Accordingly, we find merit in this portion of appellants' argument.
We, however, find no error in the trial court's apparent failure to apply a presumption of negligence to Cash. In recent cases dealing with similar factual scenarios, the courts have required both the left-turning and passing drivers to exercise a high degree of care in executing their respective dangerous maneuvers but have failed to apply a presumption of negligence to either driver. Summarell v. Ross, 27,160 (La.App.2d Cir.08/23/95), 660 So.2d 112; Craig v. Hebert, 99-1222 (La.App. 3d Cir.02/02/00), 758 So.2d 260; Fontenot v. Omni Ins. Group, 99-504 (La. App. 3d Cir.10/13/99), 745 So.2d 716.
With our determination that the trial court erroneously applied a presumption of negligence against Duncan, it is necessary that we evaluate whether such legal error so interdicted the fact-finding process as to require de novo review by this court. Evans v. Lungrin, 97-0541 (La.02/06/98), 708 So.2d 731. In Louisiana tort cases, the plaintiff, in general, has the burden of proving every essential element of his case by a preponderance of the evidence. Here, the court's application of a presumption of negligence against Duncan relieved the plaintiffs of this burden of proof and shifted the burden of showing freedom from fault to Duncan. We find such an error to be prejudicial and to have possibly skewed the trial court's findings of material issues of fact. Id. Consequently, we are required to conduct de novo review of the merits. Even so, we reach the same conclusion as the trial court.
As noted above, both Cash and Duncan had to exercise a high degree of care when executing their maneuvers. Pursuant to La. R.S. 32:104, the left-turning motorist is required to signal his intent to turn at least 100 feet from the turning *1164 point and to take steps to ensure that the maneuver can be made without endangering a passing vehicle. The driver of a following or overtaking vehicle must be alert to the actions of motorists preceding him on the highway. More particularly, the driver of an overtaking or passing vehicle has the duty to ascertain before attempting to pass a preceding vehicle that from all the circumstances of traffic, lay of the land, and conditions of the highway, the passing can be completed with safety. Summarell, supra; Craig, supra; Fontenot, supra.
Both Cash and Pamela testified that he had activated his left-turn signal prior to coming to a stop and attempting to make the left turn. Despite Diane and Duncan's assertions that Cash never signaled his intent to turn left, at trial Diane nevertheless revealed that she "thought" Cash was going to turn into a driveway. Notably, Duncan did not notice brake lights even though she clearly testified that the cars had been stopped for a minute or so. After consideration of this evidence, we accept Cash's testimony that he had activated his signal prior to turning left, as did the trial judge.
The remaining evidence shows that Cash observed the Duncan vehicle in his rearview mirror and at that time hesitated in making the left turn due to children walking in the driveway. In accordance with Cash's testimony, both Diane and Duncan stated that Duncan had been stopped for approximately one minute behind the Cash vehicle.[3] As noted above, Diane had at least considered that Cash would turn left. Clearly, any prudent driver would have expected to encounter left-turning drivers in this residential area. It was only when Duncan's nerves "got bad" that she decided to go around the Cash vehicle. Her actions that followed were both spontaneous and accomplished without warning. Although a passing motorist is not automatically required to give audible warning with his horn, he should do so when reasonably necessary to insure safe operation. La. R.S. 351(A); Craig, supra. We find that Duncan should have been placed on notice that Cash was attempting to maneuver a left turn. Moreover, considering the length of time that the Duncan vehicle remained safely behind Cash's car, and Duncan's sudden passing maneuver, we cannot conclude that Cash could have in any way anticipated Duncan's impatience or that his turn could not be made with safety. In judging whether a left turn can be made in safety, the turning motorist has the right to assume that a following motorist will observe all the duties imposed upon him by law and common sense. Coleman v. Parret, 98-121 (La.App. 5th Cir.07/28/98), 716 So.2d 463; Budget Rent-A-Car of New Orleans v. Gradnigo, 611 So.2d 147 (La.App. 3d Cir.1992); Keating v. Holston's Ambulance Service, Inc., 546 So.2d 919 (La.App. 3d Cir.1989). Rather, we conclude it was Duncan's agitation, which hindered her common sense and cognizance of the Cash vehicle and surrounding circumstances, that solely caused the collision. Accordingly, and because no party has appealed the allocation of damages, it is unnecessary that we disturb the damage award.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] Although the original pleadings named Continental Insurance Company as a defendant, the petition was answered by CNA Insurance Company. Therefore, for purposes of appeal, we assume that the two companies are the same. David Brown also appeared as an insured on CNA's policy.
[2] CNA filed a reconventional demand against Duncan alleging her negligence as the sole cause of the accident as well as a subrogation cross-claim against Safeway.
[3] Although Duncan and Diane claimed that during that time a second car passed Cash on the left, neither Cash nor Pamela recalled such an incident.