907 So.2d 917 (2005)
Martin STEPHENS, Plaintiff-Appellant
v.
Scott FULLER, Farmers Texas County Mutual and State Farm Mutual Automobile Insurance Company, Defendants-Appellees.
No. 39,918-CA.
Court of Appeal of Louisiana, Second Circuit.
June 29, 2005.
*918 Office of F.Q. Hood, Jr., APLC, by F.Q. Hood, Jr., Darren Giles, for Appellant.
Wilkinson, Carmody & Gilliam, by Bobby S. Gilliam, W. Barton Alexander, Shreveport, for Appellees.
Before WILLIAMS, GASKINS & PEATROSS, JJ.
PEATROSS, J.
The litigation in this case arose out of an automobile accident that occurred between Defendant, Scott Fuller, and Plaintiff, Martin Stephens. The only issue on appeal is whether or not the trial court erred in allocating 100 percent of the fault to Mr. Stephens. For the reasons set forth herein, we affirm.

FACTS
The automobile accident giving rise to this lawsuit occurred at approximately 3:45 p.m. on September 25, 2003, in the private parking lot of the General Motors plant ("GM") in Shreveport, Louisiana, while both men were searching for parking places.
Both drivers agree that, on entry to the GM parking lot, the car being driven by Mr. Stephens was behind the car being *919 driven by Mr. Fuller. Thereafter, however, the drivers have two completely different versions of how the accident occurred.
According to Mr. Stephens, Mr. Fuller made a left turn off of a roadway in the parking lot and then later pulled back into his path, causing a "t-bone" collision. Mr. Fuller asserts, however, that he never turned off of the roadway, but, rather, signaled with his right blinker and attempted to make a wide right turn in order to pull into a narrow parking space. Mr. Fuller contends that, as he made his right turn, Mr. Stephens' vehicle struck the right rear of his vehicle, near the back door and wheel well, which caused his air bag to deploy. There is no dispute that the roadways in the GM parking lot were not divided into lanes by marked center lines.
After hearing the testimony, including that of both drivers, and after reviewing the other evidence, the trial judge issued his reasons for judgment stating that Mr. Stephens' version of the accident did not make sense to him and found Mr. Fuller's version of the facts to be "equally plausible." The trial judge then stated:
Mr. Stephens can't get past the fact that he is the following motorist, therefore, a following motorist has got to drive an appropriate speed, he has got to maintain an interval between his vehicle and the vehicle that he is following that is sufficient to enable him to avoid a collision with that lead vehicle under any circumstance which could be reasonably anticipated. I think it's a reasonable anticipation that anybody in that aisle way who is coming to work during a shift change is going to be ready to park at any moment.
The trial judge concluded that Mr. Stephens failed to carry his burden of proof and assigned no blame to Mr. Fuller. From this ruling, Mr. Stephens appeals.

STANDARD OF REVIEW
A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State through Dept. of Transp. and Devel., 617 So.2d 880 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840 (La.1989). When factual findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact's findings. Rosell, supra. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985). Furthermore, where there is a conflict in testimony, evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Daye v. Gen. Motors Corp., 97-1653 (La.9/9/98), 720 So.2d 654.

DISCUSSION

Assignment of Error Number One (Verbatim): Whether or not a driver in a private parking lot is negligent if that driver operates his vehicle in a manner contrary to the laws of this state?
In his only assignment of error on appeal, Mr. Stephens argues that the trial judge committed error by not allocating any fault to Mr. Fuller as a result of the collision. To the contrary, Mr. Fuller argues that, not only were the trial judge's *920 findings reasonable and not clearly erroneous, but he was "imminently correct" in ruling as he did.
Mr. Stephens asserts that the applicable law for the case sub judice is La. R.S. 32:104(A), which states:
A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
From this statute, he asserts that Mr. Fuller failed in his duty to drive reasonably safely when performing his maneuver. Accordingly, he argues that the evidence adduced at trial suggests that the trial judge was in error by failing to award, at a minimum, a portion of the fault in this case to Mr. Fuller.
Mr. Fuller responds that Mr. Stephens' version of the facts is not even possible. He states that, under Louisiana law, the plaintiff bears the burden of proving every essential element of its case by a preponderance of the evidence. Duncan v. Safeway Ins. Co. of La., 35,240-241 (La.App. 2d Cir.10/31/01), 799 So.2d 1161. Mr. Fuller asserts that the trial judge correctly recognized the well-established maxim of Louisiana law that "the law charges the driver with having seen what he should have seen and subsequent events are judged as though he did see what he should have seen." Duncan, supra.
Mr. Fuller further argues that Mr. Stephens' reliance on La. R.S. 32:104, supra, is misplaced. He states that it is unrebutted that Mr. Stephens was the following driver, that there were no yellow dashes or markings on the road, that Mr. Fuller was driving at a reasonable rate of speed and that this accident occurred in a private parking lot. As such, Mr. Fuller states that La. R.S. 32:104 does not apply.
Mr. Fuller argues that Mr. Stephens did not maintain proper lookout, slow down or otherwise avoid the accident; but, rather, he was late for work, in a rush and, as a result of his own negligence, was involved in this automobile accident. The trial judge agreed and we conclude that the record in the case sub judice reflects no manifest error by the trial judge in deciding to place the fault for the accident on Mr. Stephens and not on Mr. Fuller. We reject Mr. Stephens' argument on appeal that this case is governed by the provisions of La. R.S. 32:104(A) concerning vehicles turning at an intersection on a state roadway. Any persuasive value of the statutory provisions is offset by the fact that we are dealing with an unmarked private parking lot, that Mr. Stephens was the following motorist and that the trial court made factual findings unfavorable to Mr. Stephens. Given the above language, coupled with the standard of review discussed at length, supra, we are unable to find manifest error on the part of the trial court.

CONCLUSION
For the reasons set forth above, the judgment of the trial court in favor of Defendant/Appellee, Scott Fuller, is affirmed. Costs of this appeal are assessed to Appellant, Martin Stephens.
AFFIRMED.