United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 24, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 06-30235

(Summary Calendar)

————————

JEFFREY TROY THOMAS; JENNIFER THOMAS,

Plaintiffs–Appellants,

versus

EMPIRE INDEMNITY INSURANCE CO.; ET AL.,

Defendants,

TEXARKANA SUGAR HILL INC.; JOE LEE STUART, JR.; EMPIRE FIRE & MARINE INSURANCE CO.,

Defendants–Appellees.

Appeal from the United States District Court
For the Western District of Louisiana
USDC No. 5:05-CV-1263

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

This case centers around a traffic accident between Jeffrey Thomas, who was driving a pick-up truck, and Joe Lee Stuart, who was driving a tractor trailer rig. Although Thomas rear-ended Stuart's rig, it is Thomas who is seeking damages from the defendants. Thomas argues that Stuart was negligent in failing to use his turn signal prior to the collision, as required by La. R.S. 32:104. The district court, applying Louisiana law on diversity jurisdiction, granted summary judgment in favor of the defendants.

The facts alleged are as follows. Thomas was driving his truck northbound late at night on an unlit two-lane highway in Louisiana. Stuart was further ahead in the same lane and had slowed down to make a left turn. Stuart was not using his turn signal. Thomas did not see the rig until he topped a hill approximately 700-800 feet away from the rig. Upon seeing the rig, Thomas did not slow down, but rather attempted to pass the rig on the left side. When Thomas moved into the southbound lane to pass Stuart, he saw a vehicle traveling south in that lane. To avoid the on-coming traffic, Thomas moved back into the northbound lane but was not able to stop his vehicle before rear-ending Stuart's rig. Stuart felt a bump, but was not sure what had happened, so he continued with his left turn while dragging Thomas's truck behind him.

In determining that summary judgment was appropriate, the district court made two relevant findings. First, at the point of collision, Stuart was not yet statutorily required to use his turn signal because he was not within 100 feet of his intended turning point. La. R.S. 32:104(B). Second, even if Stuart was within 100 feet of the turning point, Stuart's failure to use his turn signal did not

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

contribute to the accident.

We review grants of summary judgment *de novo*, applying the same standard as the district court. *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 401 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 798 (2005). Summary judgment is appropriate if the moving party can show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Wheeler*, 415 F.3d at 401. We view the evidence in the light most favorable to the non-moving party) ) in this case, the plaintiffs. *Id.* at 401-02.

Essentially, the question for this court is whether Stuart's failure to use a turn signal and alleged violation of La. R.S. 32:104 is a genuine issue of material fact. "A material fact is one that 'might affect the outcome of the suit under the governing law' and a 'dispute about a material fact is "genuine" . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003) (citations omitted).

The evidence, as alleged, can support a reasonable jury's finding that Stuart was in violation of La. R.S. 32:104 by not using his turn signal within 100 feet of his intended turning point, and that this fact may affect the outcome of the suit under governing law. The plaintiff and another eyewitness both testified that Stuart was not using his turn signal. The police reports available to the district court note that the rig traveled 91 feet between the impact and the turning point. Moreover, the police officer who responded to the accident stated that, when asked, Stuart said the rig was stopped when it was struck from behind. A reasonable jury could find these alleged facts establish that Stuart was in violation of La. R.S. 32:104.

Further, Stuart's alleged violation of La. R.S. 32:104 might affect the outcome under

Louisiana law. Louisiana has a comparative fault regime. La. C.C. Art. 2323(A) ("If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss."). Thus, to affect the outcome of the case, a jury need only find that Stuart's alleged negligence contributed to the accident.

Thomas has asserted facts sufficient to support a reasonable jury's finding that Stuart's alleged violation of La. R.S. 32:104 contributed to the accident. Thomas claims that had Stuart been using his left turn signal, then he would not have attempted to pass Stuart on the left; rather, he would have begun to brake immediately knowing that a pass could not be completed. But, Thomas argues, because Stuart was not using his turn signal, Thomas did not realize that passing on the left was improper until he was already in the process of attempting the pass. Thus, according to Thomas, if Stuart had been using his turn signal, then Thomas could have known sooner that he could not pass and would have had more time to brake. Both parties assert that the 700-800 feet separating Thomas and Stuart when Thomas initially saw the rig would have given Thomas enough room to brake and avoid a collision with Stuart.

The defendants argue at length that Thomas was negligent for attempting to pass Stuart prior to determining that the pass could successfully be completed. *See Duncan v. Safeway Ins. Co.*, 799 So. 2d 1161, 1164 (La. Ct. App. 2001) ("[T]he driver of an overtaking or passing vehicle has the duty to ascertain before attempting to pass a preceding vehicle that from all the circumstances of traffic, lay of the land, and conditions of the highway, the passing can be completed with safety."). Further, Louisiana law clearly establishes that the driver who rear-ends the other driver is presumed

negligent.  *See Mart v. Hill*, 505 So. 2d 1120, 1123 (La. 1987) ("Louisiana courts have uniformily [sic] held that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. Rev. Stat. Ann. 32:81 and hence is presumed negligent.").  But under Louisiana law, whether Stuart contributed to the accident is not affected by Thomas's own alleged negligence in attempting to pass Stuart.  *See In re Manguno*, 961 F.2d 533, 535 (5th Cir. 1992) ("There can be more than one cause in fact making both wrongdoers liable.") (citing *Hastings v. Baton Rouge General Hospital*, 498 So. 2d 713, 720 (La. 1986)).  Even if the defendants could establish that Thomas ) ) as the following driver in a rear-end collision ) ) was negligent, that would not absolve Stuart of his alleged negligence.  *See, e.g.*, *Morris v. Flores*, 840 So. 2d 1257, 1262 (La. Ct. App. 2003) (finding the following driver in a rear-end collision 80 percent liable and the leading driver 20 percent liable).  The defendants' attempts to establish that Thomas was negligent may affect the extent to which Stuart is liable, but it does not affect whether Stuart was negligent.

Because we find that the whether Stuart was in violation of La. R.S. 32:104 is a genuine issue of material fact, we REVERSE the district court's grant of summary judgment and REMAND the case for further processing not inconsistent with this opinion.