CARAWAY, J.
|! This automobile accident occurred in a private parking lot as the defendant backed her vehicle out of a marked parking space. The plaintiffs’ vehicle was proceeding through the lot in the travel lane running directly behind and perpendicular to the parking space where defendant’s vehicle was exiting. Neither driver saw the other and a collision occurred. After trial, the trial court found the plaintiff driver totally at fault. This appeal resulted. Plaintiffs argue that at least a minimal portion of fault must be assessed to defendant for the accident. Finding no manifest error in the ruling of the trial court, we affirm.

Facts

The plaintiffs in these consolidated actions are Quarynecha Lawrence (“Lawrence”), individually and as the natural tutrix of the minor, Jy’Quarrius Brown (“JQB”), and Deworange Brown (“Brown”). Brown was driving the vehicle owned by Lawrence and JQB occupied the back passenger seat. The accident occurred during daylight hours in the parking lot of a credit union. The front end of the plaintiffs’ vehicle was allegedly damaged when an SUV driven by defendant, Leslie Groan (“Groan”), backed out of a *961 parking spot. JQB was restrained in a child safety seat in the back seat and apparently slept through the accident.
The front of Lawrence’s Dodge Intrepid was damaged when it went under the bumper of the SUV. Brown had just stopped at the ATM in the lot. Groan testified that she did not see or hear the plaintiffs’ vehicle as it |2was moving through the parking lot. Groan’s SUV had about $1,800 worth of damage on the rear passenger side, mostly around the steel bumper.
Brown obtained treatment with a chiropractor for mid-back pain and continued chiropractic therapy from March until June 2006. He claimed special damages for this treatment totaling $2,969. The chiropractor also treated JQB a couple of times.
Groan’s insurer appraised the property damage to Lawrence’s vehicle at $6,400 and had it towed for repair. By the time of trial, the vehicle had not been repaired. Apparently, the vehicle had some pre-ex-isting collision damage from another prior accident.
Plaintiffs’ suits claimed damages for personal injury and the property loss to the vehicle. After a one-day trial, the trial court took the matter under advisement and post-trial briefs were submitted with proposed judgments. By written ruling adopting defendants’ proposed findings of fact, the trial court dismissed plaintiffs’ consolidated actions.

Discussion

In negligence cases, we use a duty-risk analysis to determine whether liability exists under the facts of a particular case. Under this analysis, a plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached. LeJeune v. Union Pacific Railroad, 97-1843 (La.4/14/98), 712 So.2d 491. The element of duty is a question of law. Century Ready Mix Corp. v. Boyte, 2,634 (La.App.2d Cir.10/24/07), 968 So.2d 893. The inquiry is whether a plaintiff has any law-statutory, jurisprudential, or arising from general principles of fault-to support his or her claim. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So,2d 606; Manno v. Gutierrez, 05-0476 (La. App. 1st Cir.3/29/06), 934 So.2d 112.
Where there are concurrent causes of an accident, the proper inquiry is whether the conduct in question was a substantial factor in bringing about the accident. Manno, supra. Whether the defendant’s conduct was a substantial factor in bringing about the harm, and thus, a cause-in-fact of the injuries, is a factual question to be determined by the fact finder. Bonin v. Ferrellgas, Inc., 03-3024 (La.7/2/04), 877 So.2d 89, 94.
A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State through Dept. of Transp. and Devel., 617 So.2d 880 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840 (La.1989). When factual findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact’s findings. Id. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Watson *962 v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985). Furthermore, where there is a |4conflict in testimony, evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Daye v. General Motors Corp., 97-1653 (La.9/9/98), 720 So.2d 654.
In a case involving a two-car collision in a private parking lot, this court noted in Stephens v. Fuller, 39,918 (La.App.2d Cir.6/29/05), 907 So.2d 917, that a motor vehicle rule under the Louisiana Highway Regulatory Act (the “Act”) governing standards of care in highway driving did not strictly govern the duty of one of the drivers. Acknowledging this, plaintiffs nevertheless argue that the provisions of the Act, La. R.S. 32:103 (moving parked vehicles) and La. R.S. 32:281(A) (limitations on backing), are generally instructive for Groan’s duty of care in this case. These two statutes provide as follows:
La. R.S. 32:103. No person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety.
La. R.S. 32:281(A). The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic.
Considering these provisions, we find that the reasonably expected speed and movement of vehicles in a parking lot and the utility of closely configuring the parking spaces make the duty of the driver of the parked vehicle something less than these statutory duties imposed for highway traffic. Parked vehicles of varying shapes and sizes are closely aligned in a parking lot. The field of vision of the driver backing out of the parking space is expected to be impeded or even blocked altogether as initial | ¡^movement of the vehicle begins. The vehicle’s brake and backup lights serve as reasonable notice to oncoming traffic so long as the driver backs out very slowly and occasionally stops so that the lights and minor movement can be readily observed. On the other hand, drivers moving through the parking lot have the paramount duty of attentiveness and maintaining a low vehicle speed because of other cars and pedestrians. In contrast to the highway driver with the right-of-way, one expects that vehicles in a parking lot will be backing up slowly into the travel lane with visibility somewhat impaired for the driver. This action is expected to cause minor interference with the movement of the oncoming traffic. The key safety factor for both drivers is a greatly reduced level of speed, enabling the driver in the travel lane with unimpaired vision either to stop, maneuver around or sound the horn to avoid a potential collision. Accordingly, we do not find that the statutory duties of the Louisiana Highway Regulatory Act strictly govern this setting.
As a driver backing up her vehicle, Groan’s duty required a slow, halting motion. Yet that duty did not require that she must initially see the oncoming traffic. Brown’s duty to exercise much caution while driving behind parked vehicles encompassed the risk that a vehicle would begin slowly backing out from a parking slot. In that event, such duty required him to yield or at least insure that Groan’s vehicle stopped. As such, we define Brown’s duty not as an accommodation for Groan’s negligence. Instead, his duty is designed to guard against a foreseeable risk resulting from the confinement of parked vehicles in the lot. While the key factor of | (¡speed might result in the breach of both drivers’ duties and concurrent negligence, a finding of complete fault attributable to either driver is a possibility de *963 pending upon the facts of each case. With these duties defined, we will now review the facts and conclusions of the trial court for manifest error.
There are two important facts concerning the configuration of this parking lot. First, there were two lanes of travel behind the parking space for Groan’s vehicle. Second, the marked parking spaces were perpendicular to the travel lanes and on one side of those lanes only. This meant that as Brown drove his vehicle in the lane closest to the parked vehicles, he had only that one line of vehicles to watch and could maneuver into the other lane if necessary. The testimony indicates that no other oncoming vehicle approached Brown from the opposite direction as Groan backed out. Also, since the undisputed testimony showed that two similarly-sized vehicles on either side of Groan’s SUV blocked her view, she could only see clearly through her mirrors to directly behind her vehicle and not toward the portion of the travel lane in which Brown was driving.
Groan testified that she only backed up her SUV approximately three feet when the collision occurred. She stated that she was moving at “just a slow speed.” The SUV’s taillights were working. Brown testified that he did not see the SUV. Groan’s estimate of the three-foot movement of the SUV from its parking place was not disputed.
|7Significant evidence of how the collision occurred is revealed by the damaged vehicles as shown in photos. The trial court’s finding of fact states:
Based upon the property damage photographs of each of the vehicles, it is obvious to the Court that the front, passenger corner of the Brown vehicle traveled under and probably in a downward manner beneath the rear, passenger corner of Ms. Groan’s SUV.
The crushed condition of the car’s hood clearly shows it was pushed back toward the windshield. The side panel of the car does not appear to be crushed inward toward the engine compartment. In contrast, the side quarter panel of the SUV appears to have been hit directly, compressing it and the corner of the bumper inward. The vehicular damage indicates that, contrary to Brown’s view of the accident, the SUV did not back into his vehicle. Brown hit the SUV after it had just protruded into his lane of travel.
From these facts, the trial court could conclude that the slow movement of Groan’s SUV and the illumination of the SUV’s taillights support the ruling of no breach of Groan’s duty of care. Those factors allowed Brown, if he was driving attentively and slowly through the parking lot, to recognize the vehicle exiting from its parking place. The SUV was already in front of Brown and only slightly in his lane before the crash. The trial court’s view that Groan was moving so slowly that her actions were reasonable is not clearly wrong or manifestly erroneous.
Is Conclusion
For the foregoing reasons, the trial court’s ruling is affirmed. Costs of appeal are assessed to appellants.
AFFIRMED.