344 So.2d 70 (1977)
Diane POTTS et al.
v.
Larry J. HOLLIER et al.
No. 8266.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 1977.
Rehearing Denied April 13, 1977.
*71 Noble, Slaughter, Clayton & Lorenz, J. Edgar Clayton, Jr., New Orleans, for plaintiffs-appellants.
Wiedemann & Fransen, Lawrence D. Wiedemann, New Orleans, for defendants-appellees.
Before REDMANN, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
Plaintiffs, Diane Godfrey and Richard Godfrey, individually and as administrator of the estates of his minor children, Dawn and Eric Godfrey, have appealed a judgment seeking an increase in quantum for general and special damages they incurred in a chain reaction collision on the Interstate 10 overpass at Transcontinental Drive in Metairie, Louisiana. Defendants, Larry J. Hollier; Larsen Motor Lines, Inc.; and United States Fidelity and Guaranty Company, have answered the appeal to question the conclusion that the driver Larry J. Hollier was negligent.
We affirm on liability. We find as a fact that on July 5, 1973, Elijah Wilson, while driving a loaded cement mixer truck westbound on Interstate 10, stopped at the crest or on the ascending portion of the Transcontinental overpass to avoid hitting a metal drum that had fallen from a pickup truck traveling in front of him. Three other drivers proceeding in the center lane behind the truck brought their vehicles to a stop behind it; however, Hollier, driving a bobtail truck and also proceeding westward in the center lane, failed to stop before striking in the rear the car in which plaintiffs were riding. The severity of the impact is demonstrated by the fact that one of its wheels ran over and crushed the roof of the Godfrey vehicle before the truck overturned in the right traffic lane, after which it came to rest on its side against the overpass railing. The Godfrey car then smashed into the vehicle before it, which in turn hit the car behind the cement truck and propelled it under the mixer.
The accident occurred because Hollier was driving too closely behind the Godfrey car in violation of the duty imposed by L.R.S. 32:81(A). This statute, enacted as a safety measure to protect life and property on the highways of our State, is designated to eliminate the type of accident from which this litigation arises. Under Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970), Hollier is negligent per se.
Parenthetically we note that the defense of sudden emergency is not available if the motorist fails to exercise the degree of care that a prudent person would use to extricate himself from the situation. See Dean v. Orgeron, 195 So.2d 150 (La. App. 1st Cir. 1967). Because the truck stopped at the crest or near the top of the ascending roadway in full view of following motorists and because three other vehicles traveling near the 55-mile-per-hour speed limit succeeded in stopping their cars behind the truck, their success in responding *72 to the danger establishes what constitutes a reasonable effort to avoid a collision under these circumstances. Hollier's failure to stop cannot be excused on a sudden emergency theory. Hunter v. American Employers Insurance Co., 153 So.2d 588 (La. App. 4th Cir. 1963).
We next consider quantum. First appellants contend the general damages awarded are insufficient. We conclude the awards to the children for the minimal injuries are adequate.
Eric Godfrey was awarded $1,000 for the cuts and bruises and the lumbar and thoracic muscle strain he experienced in the accident. In a report issued four months after the accident, his treating physician termed his recovery uneventful.
Dawn Godfrey was awarded $800 for cuts and bruises on the head, face, neck and shoulder.
Richard Godfrey suffered cervical and lumbar strain as a result of this accident. In addition he had chondromalacia of the patella. His treating orthopedist projected he would suffer intermittent neck and back pain for a total of nine months and trouble with his knee for 18 months to two years after the accident. While we think an award of $4,000 is less than munificent for this degree of pain and suffering, our appellate review is limited to adjusting awards that clearly constitute an abuse of the much discretion vested in the trial judge by C.C. art. 1934.
Finally we affirm the $6,000 general damage award to Mrs. Diane Godfrey, who suffered cervical strain that subsided in eight months after the accident, multiple lacerations with scarring and a deviated septum. The testimony as to the scarring is inconclusive because the plastic surgeon who examined Mrs. Godfrey four months after the accident found her considerably improved when he saw her at the trial. Admittedly his examination was cursory when he testified because a full examination required disrobing. The doctor's offer to reexamine the plaintiff while the trial was in progress was not accepted by her counsel. Having failed to avail herself of the opportunity to update the evidence to establish the degree of permanent scarring, we will not second-guess the assessment of the trial judge, who had an opportunity to view the plaintiff.
We next consider appellant Richard Godfrey's prayer for an increase of special damages. In part his argument hinges on what weight, if any, we assign to a unilaterally executed document entitled "General Stipulation of Facts" filed before the trial. Counsel for appellants contends he filed this document at the instruction of the trial judge. It is only signed by him and was mailed to counsel for the other litigants, with the notation that any oppositions or amendments must be received within seven days of the date it was mailed.
The stipulations were apparently overlooked during the trial because evidence on some of the items of damage stipulated was heard. After judgment was rendered, plaintiffs sought to have it amended to include certain items contained in the stipulation, specifically wages lost by Mrs. Godfrey totaling $923; luggage and camping equipment, $900; and lost wages of Richard Godfrey for $1,390.17, rather than the $1,000 awarded. Appellees deny so stipulating. The trial judge denied amending the judgment because the time for applying for a new trial had elapsed. In written reasons he stated his denial for amendment was strictly on procedural grounds.
Because the record fails to substantiate the stipulation was in fact made and in the interest of achieving a just result we remand this matter for further proceedings to permit plaintiffs to prove: (1) the amount of wages Mrs. Godfrey lost as a result of her injury; (2) the value of the personal belongings destroyed in the wreck; and (3) the exact amount of net income Mr. Godfrey lost as a result of this accident. Godfrey's testimony deals only with gross income and he is entitled to recover net income after taxes. Edwards v. Sims, 294 So.2d 611 (La.App. 4th Cir. 1974). The $1,000 lost wages awarded is speculative *73 because there is no evidence as to what amount of tax Mr. Godfrey pays.
For the reasons assigned the judgment appealed from is affirmed as to awards of general damages and special damages not discussed in this opinion. It is ordered that this matter be remanded for the limited purpose of permitting plaintiff to adduce evidence as to Mrs. Godfrey's lost wages, the loss of personal property and Mr. Godfrey's actual net income so that the trial judge may make any appropriate amendment to the award of special damages in the three areas enumerated. Each litigant is to bear his respective costs of this appeal.
AFFIRMED IN PART; REMANDED.