PEATROSS, J.
 

 | tPlaintiff, Yolanda Marie Ebarb, brought suit against Phillip David Matlock and his insurance company, American States Insurance Company (collectively referred to as “Mr. Matlock”), and David L. Terry and his liability insurer, Louisiana Farm Bureau Insurance Company, for injuries and damages sustained as a result of a three-car collision which occurred on December 3, 2008.
 

 Mr. Matlock filed an answer denying liability to Ms. Ebarb’s petition for damages. Shortly thereafter, a motion for summary judgment was filed on behalf of Mr. Terry requesting that the trial court dismiss Ms. Ebarb’s claims against him. The trial court granted summary judgment in favor of Mr. Terry and Ms. Ebarb did not appeal that judgment. Ms. Ebarb then filed a motion for partial summary judgment against Mr. Matlock on the issue of liability. Mr. Terry also filed a motion for partial summary judgment against Mr. Matlock adopting the same position as Ms. Ebarb. The trial judge granted summary judgment in Ms-. Ebarb’s favor and against Mr. Matlock on the issue of liability only. Mr. Matlock appeals from this summary judgment. For the reasons stated herein, we affirm.
 

 FACTS
 

 On December 3, 2008, around noon, in Bossier City, Louisiana, Ms. Ebarb was traveling in the left eastbound lane of 1-20 in a 2007 Kia Sorento to meet her husband for lunch. Ms. Ebarb began to approach the Old Minden Road overpass and saw that traffic was stalled in both eastbound lanes of the interstate. According to Ms. Ebarb, she was traveling between 55-60 miles per hour when she began to drive up the 1 ¡.slope of the overpass; and, on noticing the stalled traffic, she applied her brakes and came to a complete stop, leaving sufficient space between herself and the vehicle in front of her.
 

 Mr. Terry was traveling with his mother and 4-year-old daughter in his Jeep Cherokee at approximately 60 miles per hour, directly behind Ms. Ebarb in the left eastbound lane of the interstate. As he began to approach the overpass, Mr. Terry saw that traffic in both eastbound lanes had stalled. Mr. Terry was able to slow his vehicle to a complete stop at a safe distance behind Ms. Ebarb’s vehicle.
 

 After coming to a complete stop, Mr. Terry noticed in his rear-view mirror that a Ford F-250 truck was approaching directly behind him at a high rate of speed. Mr. Terry’s mother, who was sitting in the passenger seat, commented on the high rate of speed at which the approaching truck was traveling, so Mr. Terry decided to steer his vehicle as far as he could onto the left shoulder of the interstate to avoid a potential collision with the approaching truck.
 

 The approaching truck was being driven by Mr. Matlock. According to Mr. Mat-lock, he was traveling at 60 miles per hour as he began to approach the Old Minden Road overpass. As Mr. Matlock neared the overpass, he observed stationary traffic blocking both eastbound lanes of the interstate. He further testified that he applied his brakes and slowed his vehicle, but, nevertheless, rear-ended Mr. Terry’s vehicle, which then began to roll over, ultimately colliding into Ms. Ebarb’s vehicle.
 

 |sMs. Ebarb was transported from the crash site to the hospital by an ambulance. She suffered from a spinal injury that required surgery. The Bossier City Police Department issued a traffic citation to Mr.
 
 *519
 
 Matlock for “Following To Close” [sic]. Mr. Matlock paid the fíne.
 

 As previously stated, Ms. Ebarb filed suit against Mr. Terry and Mr. Matlock on November 2, 2009. Mr. Matlock filed an answer denying liability and Mr. Terry filed a motion for summary judgment on his own behalf also denying liability. The trial judge granted the motion for summary judgment in favor of Mr. Terry and, in his oral reasons for judgment, noted that it was clear from the testimony that Mr. Terry had come to a complete stop without hitting Ms. Ebarb and it was only as a result of being rear-ended by Mr. Matlock that Mr. Terry was forced into colliding with Ms. Ebarb.
 

 Ms. Ebarb then filed a motion for summary judgment against Mr. Matlock. During the summary judgment hearing, the trial judge noted the legal principle that a following motorist who rear-ends another motorist is presumed to be at fault and bears the burden of proving otherwise. The trial judge acknowledged that there was a discrepancy between Mr. Matlock’s affidavit and his deposition as to where his vehicle was on the overpass when he saw the stalled traffic in the eastbound lanes of the interstate. Nevertheless, the trial judge maintained that Mr. Matlock’s vehicle had been in essentially the same position as the vehicles of Ms. Ebarb and Mr. Terry, who were both able to safely stop without causing a collision.
 

 |4The trial judge also recognized that Mr. Matlock paid the fine after being issued the traffic citation for following too closely, which was tantamount to a guilty plea. In light of the aforementioned evidence, the trial judge concluded that Mr. Matlock had failed to overcome the legal presumption that a following motorist who rear-ends another motorist is at fault and rendered summary judgment against Mr. Matlock on the issue of liability.
 

 This appeal ensued.
 

 DISCUSSION
 

 Mr. Matlock argues that the trial judge erred in granting summary judgment against him on the issue of liability. Mr. Matlock claims that he rebutted the presumption of liability against him through the submission of his affidavit which stated that he had his vehicle under control, that he closely observed the preceding vehicle and that he followed at a safe distance under the circumstances. Mr. Matlock argues that, because the overpass was elevated and he was unable to see over the other side of the crest where the traffic was stalled in the eastbound lanes, there was nothing more he could have done to avoid impact.
 

 Mr. Matlock concedes that he was ticketed for following too closely and that he paid the ticket; however, he asserts that he did so to avoid spending time and money fighting the ticket, not because he was guilty. Finally, Mr. Matlock argues that he did not have the benefit of slowing traffic ahead of him before he reached the crest of the overpass; thus, he was |snot operating under the same circumstances as Mr. Terry and Ms. Ebarb were when they were able to bring their vehicles to a safe stop.
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Roach Plumbing & Heating, Inc. v. Fairfield Towers, L.L.C.,
 
 44,551 (La.App.2d Cir.8/19/09), 17 So.3d 493;
 
 NAB Natural Resources, L.L.C. v. Willamette Industries, Inc.,
 
 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477. A motion for summary judgment should be granted if the pleadings, depositions, answers to in
 
 *520
 
 terrogatories and admissions on file together with affidavits show that there exists no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matter stated therein.
 
 Sears, Roebuck and Co. v. Richardson,
 
 32,951 (La.App.2d Cir.4/5/00), 759 So.2d 190.
 

 Once the mover has made a
 
 prima facie
 
 showing that the motion should be granted, the burden shifts, to the adverse party to present evidence demonstrating that material factual issues remain.
 
 Hardy v. Bowie,
 
 98-2821 (La.9/8/99), 744 So.2d 606. To satisfy his burden of proof, the nonmov-ing party must not rely on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967;
 
 Hardy v. Bowie, supra.
 

 |fiA fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.
 
 Hardy v. Bowie, supra; Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512 (La.7/5/94), 639 So.2d 730;
 
 Knowles v. McCright’s Pharmacy, Inc.,
 
 34,559 (La.App.2d Cir.4/4/01), 785 So.2d 101. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success or determine the outcome of the legal dispute.
 
 Knowles v. McCright’s Pharmacy, Inc., supra.
 
 The failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Sears, Roebuck and Co., supra.
 

 Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles of La. C.C. art. 2315.
 
 Bates v. Prater,
 
 42,149 (La.App.2d Cir.5/9/07), 956 So.2d 814. For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (i) the defendant had a duty to conform his conduct to a specific standard of care; (2) the defendant failed to conform his conduct to the appropriate standard of care; (3) the defendant’s substandard conduct was a cause in fact of the plaintiffs injuries; (4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries; and (5) actual damages.
 
 Pinsonneault v. Merchants & Farmers Bank & Trust Co.,
 
 01-2217 (La.4/3/02), 816 So.2d 270;
 
 Bates v. Prater, supra.
 
 Duty is a question of law.
 
 Bates v. Prater, supra; Beck v. Schrum,
 
 41,647 (La.App.2d Cir.11/1/06), 942 So.2d 669. The inquiry is whether a plaintiff has any law — statutory, jurisprudential or arising from general 1 principles of fault — to support his or her claim.
 
 Hardy v. Bowie, supra; Bates v. Prater, supra.
 

 The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
 
 See
 
 La. R.S. 32:81(A). A following motorist in a rear-end collision is presumed to have breached this duty and, therefore, is presumed negligent.
 
 Mart v. Hill,
 
 505 So.2d 1120 (La.1987);
 
 Broussard v. Zurich American Ins. Co.,
 
 44,695 (La.App.2d Cir.9/23/09), 23 So.3d 370;
 
 Bennett v. Louisiana Farm Bureau Cas. Ins. Co.,
 
 43,216 (La.App.2d Cir.4/30/08), 983 So.2d 966.
 

 To avoid liability, a following motorist who rear-ends another vehicle must prove he was not at fault by establishing that he had his vehicle under control, closely observed the lead vehicle and fol
 
 *521
 
 lowed at a safe distance under the circumstances.
 
 Broussard v. Zurich American Ins. Co., supra; Bennett v. Louisiana Farm Bureau Cas. Ins. Co., supra; Bates v. Prater, supra; Morris v. Flores,
 
 36,932 (La.App.2d Cir.3/7/03), 840 So.2d 1257;
 
 Chambers v. Graybiel,
 
 25,840 (La.App.2d Cir.6/22/94), 639 So.2d 361,
 
 writ denied,
 
 94-1948 (La.10/28/94), 644 So.2d 377. The following motorist may also avoid liability by showing that the lead motorist negligently created a hazard which could not reasonably be avoided.
 
 Broussard v. Zurich American Ins. Co., supra; Bennett v. Louisiana Farm Bureau Cas. Ins. Co., supra; Bates v. Prater, supra; Morris v. Flores, supra.
 

 The rule of sudden emergency, however, cannot be invoked by one who has not used due care to avoid the emergency.
 
 Anderson v. May,
 
 801—1031 (La.App. 5th Cir.2/13/02), 812 So.2d 81. The sudden emergency doctrine is only applicable to the standard of conduct after an emergency has arisen.
 
 Id.
 
 It does not apply to lower the standard of care required of motorists before the emergency occurs.
 
 Id.
 
 The fact that the second driver is able to see and avoid an emergency situation ahead sets the standard of care applicable to the other following drivers.
 
 Anderson v. May, supra; Potts v. Hollier,
 
 344 So.2d 70 (La.App. 4th Cir.1977). Moreover, the law charges the driver with having seen what he should have seen and subsequent events are judged as though he did see what he should have seen.
 
 Stephens v. Fuller,
 
 39,918 (La.App.2d Cir.6/29/05), 907 So.2d 917;
 
 Duncan v. Safeway Ins. Co. of Louisiana,
 
 35,240 (La.App.2d Cir.10/31/01), 799 So.2d 1161.
 

 Generally, where other vehicles are able to stop behind the lead vehicle, the driver of the last vehicle that precipitates the chain reaction collision is negligent.
 
 Billiot v. Noble Drilling Corp.,
 
 236 La. 793, 109 So.2d 96 (1959);
 
 Knowles v. McCright’s Pharmacy, Inc., supra; Chambers v. Graybiel, supra; Domingo v. State Farm Mut. Auto. Ins. Co.,
 
 10-264 (La. App. 5th Cir. 11/9/10), 54 So.3d 74.
 

 In the case
 
 sub judice,
 
 it is undisputed that Mr. Matlock rear-ended Mr. Terry’s vehicle, thereby forcing it into a collision with Ms. Ebarb’s vehicle. There is a presumption, therefore, that Mr. Matlock breached his duty under La. R.S. 32:81 and, hence, acted negligently. To rebut this presumption, Mr. Matlock has offered an affidavit
 
 [1]
 
 exhibiting his own self-jserv-ing9 statements that he had his vehicle under control, closely observed the lead vehicle and followed at a safe distance under the circumstances.
 

 It is undisputed that Ms. Ebarb and Mr. Terry were traveling at speeds of 55 mph and 60 mph, respectively, the same speed at which Mr. Matlock claimed to have been traveling,
 
 ie.,
 
 60 mph. It is further undisputed that both Ms. Ebarb and Mr. Terry were confronted with stalled traffic in the eastbound lanes of the interstate and, subsequently, were able to bring their vehicles safely to a stop
 
 [2]
 
 at a comfortable distance
 
 *522
 
 behind the preceding vehicles. Accordingly, Ms. Ebarb and Mr. Terry established the reasonable standard of care under the circumstances. Moreover, given that Ms. Ebarb and Mr. Terry were able to safely stop their vehicles and avoid a collision when confronted with the stalled traffic, it is clear that the circumstances did not give rise to a sudden emergency.
 
 Anderson v. May, supra.
 

 Additionally, we are not persuaded by Mr. Matlock’s assertion that he lacked the same forewarning of the stalled traffic that Ms. Ebarb and Mr. Terry had because he did not have the benefit of “slowing traffic” as he. was approaching the overpass as they did. As an initial matter, there is no evidence in the record that Ms. Ebarb ever testified as to whether the traffic |1flwas completely stopped as opposed to “slowing” when she was approaching the overpass. Second, Mr. Terry stated in his deposition that when he approached the crest of the overpass, the traffic was “stopped.” When pressed by opposing counsel to clarify, Mr. Terry stated that the traffic was “maybe at a slight roll ... [but] ... pretty much stopped.” We are not persuaded that there is any appreciable difference between the standard of care applicable to a vehicle traveling at 60 mph that encounters stopped traffic as opposed to the standard of care applicable to a vehicle traveling at 60 mph that encounters traffic that might be at a slight roll but is “pretty much stopped.”
 

 Mr. Matlock failed to adhere to the reasonable standard of care established by Ms. Ebarb and Mr. Terry.
 
 Anderson v. May, supra; Potts v. Hollier, supra.
 
 Approaching the same overpass, confronted with the same stalled traffic blocking both eastbound lanes and traveling at approximately the same speed as Ms. Ebarb and Mr. Terry, Mr. Matlock was unable to safely bring his vehicle to a stop and avoid a collision. Additionally, to rebut the objective evidence that two other drivers were able to safely stop and avoid a collision, Mr. Matlock has failed to offer any competent evidence, other than the self-serving statements contained in his affidavit, that he had his vehicle under control, closely observed the lead vehicle or that he was following at a safe distance prior to rear-ending Mr. Terry’s vehicle and forcing it into a collision with Ms. Ebarb’s vehicle.
 
 See
 
 La. C.C.P. arts. 966 & 967;
 
 Domingo v. State Farm Mut. Auto. Ins. Co., supra; Anderson v. May, supra; Potts v. Hollier, supra.
 
 Mr. Matlock has failed to [ n establish that he will be able to rebut the presumption of his own negligence at trial. La. C.C.P. art. 966.
 

 CONCLUSION
 

 For the foregoing reasons, the summary judgment of the trial court on the issue of liability in favor of Yolanda Marie Ebarb is affirmed. Costs of this appeal are assessed to appellants, Phillip David Matlock and American States Insurance Company.
 

 AFFIRMED.
 

 [1]
 

 . Since the issue of where Mr. Matlock's vehicle was when he first saw the stalled traffic,
 
 i.e.,
 
 half-way up, near or at the crest of the overpass, is not a material fact in this case and, thus, is not dispositive to the issue of whether or not summary judgment was properly granted by the trial court, we decline any discussion of whether or not the statements in Mr. Matlock’s affidavit conflicted with those contained in his deposition testimony, in addition to any consequences resulting therefrom.
 
 See
 
 La. C.C.P. art. 966;
 
 Hardy v. Bowie, supra; Smith v. Our Lady of the Lake Hosp., Inc., supra; Knowles v. McCright’s Pharmacy, Inc., supra.
 

 [2]
 

 .
 
 In his brief, Mr. Matlock cites
 
 Rudd v. United Services Auto. Assn,
 
 626 So.2d 568 (La.App. 3rd Cir.1993), in support of his contention that summary judgment was improperly
 
 *522
 
 granted by the trial judge. We find
 
 Rudd v. United Services Auto. Ass'n, supra,
 
 distinguishable because, in that case, there was conflicting testimony as to whether or not the lead driver in the collision slammed on her brakes, thus creating a hazard which precipitated the collision. In the case
 
 sub judice,
 
 it is undisputed that both Ms. Ebarb and Mr. Terry were able to safely bring their vehicles to a complete stop at a comfortable distance behind the vehicles preceding them, prior to Mr. Terry's vehicle being rear-ended by Mr. Mat-lock’s vehicle.