Judgment rendered July 13, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,565-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SEINE LILES                                          Plaintiff-Appellant

versus

GREAT WEST CASUALTY INS.                    Defendants-Appellees
CO., ET AL

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court No. 60809

Honorable Thomas Wynn Rogers, Judge

* * * * *

DUNAHOE LAW FIRM                     Counsel for Appellant,
By: Jared Dunahoe                    Seine Liles a/k/a Regal
                                     Shez Liles


DAVID SCOTT KENDRICK


BREAZEALE, SACHSE & WILSON, L.L.P.   Counsel for Appellees,
By: Katherine M. Cook                Great West Casualty
    Christopher A. Mason             Insurance Company,
    Douglas K. Williams              Nelson Freight Service
                                     Incorporated, Bruno
                                     Dziedzic


MARICLE & ASSOCIATES                 Counsel for Appellee,
By: Stacey S. Melerine               Mason Forest Products,
                                     Inc.

WILLIAMS FAMILY LAW FIRM, L.L.C.    Counsel for Appellee,
By:  Joe Payne Williams, Jr.    Louisiana Farm Bureau
Mutual Insurance
Company

JEFF LANDRY    Counsel for Appellee,
Attorney General    State of Louisiana,
DOTD

SHONDA DENEE LEGRANDE
CHARLES BRYAN RACER
Assistant Attorney Generals

* * * * *

Before STONE, STEPHENS, and MARCOTTE, JJ.

**STONE, J.**

This personal injury suit arises from the Third Judicial District Court, the Honorable Thomas Rogers presiding. Seine Liles, the plaintiff-appellant, seeks to recover damages for alleged injuries sustained when she ran into the back end of an 18-wheeler trailer. The defendants concerned in this appeal are: (1) the driver of the 18-wheeler, Bruno Dziedzic ("Mr. Dziedzic"); (2) Mr. Dziedzic's employer, Nelson Freight Services, Inc.; and (3) Great Western Casualty Insurance Company. The trial court granted summary judgment in favor of these defendants on the grounds that: (1) Mr. Dziedzic did not breach his duty of care; (2) even if Mr. Dziedzic had breached his duty of care, the plaintiff's injuries were outside the scope of the protection afforded by that duty; and (3) the plaintiff's own negligence was the sole cause of the accident.

There is a clear surveillance video that reflects the point of collision from approximately two minutes before the crash to a few seconds afterward. It also shows that, on the day of the accident, the weather was sunny and clear. Mr. Dziedzic was operating an 18-wheel tractor-trailer ("18 wheeler") on Highway 167 north in Ruston, Louisiana. The video shows that he activated his hazard flashers and commenced a right turn into the driveway for Mason Forest products, which is located in the city of Ruston and is adjacent to a long, straight, flat section of the highway. Because of obstruction by other three other vehicles along the right side of the driveway, Mr. Dziedzic was unable to pull the trailer completely off the highway. His trailer partially obstructed the outside (right) lane of Highway 167 for approximately two minutes before the plaintiff struck the right rear corner of the trailer. During the first minute after Mr. Dziedzic commenced

the turn, six vehicles passed without incident.[1]  Approximately halfway through this two-minute period, Mr. Dziedzic pulled further into the driveway and thereby got more of his trailer out of the roadway – but not entirely.  When Ms. Liles came upon Mr. Dziedzic's trailer, there was no other traffic in the area.  Ms. Liles crashed into the passenger side corner of the rear end of the trailer without ever hitting her brakes or making any evasive maneuver.

In his deposition, Mr. Dziedzic testified that, as he approached the Mason Forest driveway, he could not see whether he would be able to complete the turn because there was a fence obstructing his view.  The video shows that his view was also obstructed by the three trucks parked along the driveway.   Mr. Dziedzic also testified that, upon commencing the turn, it was even more difficult to judge the depth of the available space in the driveway, *i.e.*, whether he could completely fit the length of his 18-wheeler and trailer inside the driveway.

In her deposition, the Ms. Liles testified that she was familiar with this portion of Highway 167, as she traveled the same path to drop her child off at school for at least a year.   She also stated that she had previously seen 18-wheelers entering and exiting the Mason Forest Products driveway.[2]  Ms. Liles admitted that she did not see Mr. Dziedzic's truck until a "split-second" before she collided with it, but could not explain why she did not see it and could not (or would not) testify that she was not looking at her cell

---

[1] Volume 2, 315-19; 166-468; volume 3 page 546, exhibits four, five, six (Bruno Dziedzic deposition 51-53, 71 & 131)

[2] Volume 2 to 43-248 (Exhibit 2, plaintiff deposition 40:12-18; 41, 3-25; 50:3-14; 53:10-16)

phone at the time.[3] The video shows that Ms. Liles' view of the 18-wheeler was unobstructed for quite a substantial distance ahead from the point of impact.

Ms. Liles filed suit and propounded discovery requests for the Nelson Freight's training materials, safety manual, and communications with Mr. Dziedzic regarding his trip to Mason Forest. The defendants objected to the discovery request on the ground that the material requested was irrelevant, and the plaintiff filed a motion to compel. The defendants filed a motion for summary judgment. The plaintiffs filed a motion to continue on the ground that they had not been afforded adequate opportunity for discovery, and also filed the affidavit of Lew Grill, who opined that Mr. Dziedzic breached the standard of care for 18-wheeler drivers. The defendants filed a motion to strike the affidavit. The trial court denied the plaintiff's motion to continue and motion to compel, and granted the defendants' motion to strike and motion for summary judgment.

The plaintiff now appeals, and urges the following assignments of error: (1) the trial court erred in granting the motion to strike; (2) the trial court erred in denying the motion to compel; (3) the trial court erred in denying the motion to continue; and (4) the trial court erred in finding there were no genuine issues of material fact and that the defendants were entitled to judgment as a matter of law.

## DISCUSSION

**Motion to strike**

_____

[3] volume 2, 245, 254

A trial court's decision on a motion to strike an expert affidavit is reviewed under an abuse of discretion standard. *Madison v. Inter-Cont'l Hotels Corp.*, 14-0717 (La. App. 4 Cir. 8/26/15), 173 So. 3d 1246, *writ-denied,* 15-1757 (La. 11/6/15), 180 So. 3d 10. Furthermore, "[e]rror may not be predicated on a ruling which…excludes evidence unless…the substance of the evidence was made known to the court by counsel." La. C.E. art.103. "It is incumbent upon the party who contends its evidence was improperly excluded to make a proffer, and if it fails to do so, it waives the right to complain of the exclusion on appeal." *Murphy v. Savannah*, 51,906 (La. App. 2 Cir. 4/11/18), 246 So. 3d 785, 796, *rev'd on other grounds*, 2018-0991 (La. 5/8/19), 282 So. 3d 1034. In *Murphy*, we held that the appellants, by failing to make a proffer, waived their right to appeal the trial court striking from the record documents submitted in opposition to summary judgment.[4] Finally, in *Titlesite LLC v. Webb*, 36,437 (La. App. 2 Cir. 12/11/02), 833 So. 2d 1061, 1068–69, we explained:

> It is well settled that pursuant to La. C.C.P. art. 2164, an appellate court must render its judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, judgments and other rulings. The appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Memoranda and exhibits not filed in evidence are not part of the record on appeal. The briefs of the parties and the attachments thereto are not part of the record on appeal. Further, this court does not consider exhibits filed in the record which were not filed into evidence.

Thus, the mere fact that a purported exhibit is physically contained in the record does not allow the appellate court to consider it as evidence on

---

[4] The documents were attached to the appellants' expert affidavit submitted in opposition to the defendant's motion for summary judgment.

appeal. An exhibit must either be admitted into evidence specifically designated as a proffer in order for the appellate court to be able to consider it on appeal.

The transcript of the hearing wherein the trial court granted the defendants' motion to strike and motion for summary judgment reflects that Ms. Liles' counsel did not request to make a proffer of the purported expert affidavit. Likewise, in her brief to this court, Ms. Liles does not allege that she made a proffer of the purported expert affidavit in the trial court. Accordingly, the issue of the admissibility of the purported expert affidavit is beyond review. The trial court's grant of the motion to strike must be affirmed.

**Motion for summary judgment**

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791, 814. A genuine issue is one regarding which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764.

La. C.C.P. art. 966(D)(1) allocates the burden of proof on a motion for summary judgment as follows:

5

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). Furthermore, the court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. C.C.P. art. 966(D)(2).

The duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability under La. C.C. art. 2315. *Mathieu v. Imperial Toy Corp.,* 94-0952, p. 4 (La. 11/30/94), 646 So. 2d 318, 321. This approach provides an analytical framework for evaluation of liability and requires proof by the plaintiff of five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiffs injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiffs injuries (legal cause); and (5) the actual damages (the damages element). *Fowler v. Roberts,* 556 So. 2d 1, 4 (La. 1989), *reh'g granted on other grounds*

*and original opinion reinstated as supplemented*, 556 So. 2d at 13 (La.

1990); *Ebarb v. Matlock*, 46,243 (La. App. 2 Cir. 5/18/11), 69 So.3d

516, *writ denied*, 11-1272 (La. 9/23/11), 69 So. 3d 1164. It is axiomatic that

the issue of whether a duty is owed is a question of law, and the issue of

whether a defendant has breached a duty owed is a question of fact.

*Broussard v. State ex rel. Off. of State Bldgs.*, 2012-1238 (La. 4/5/13), 113

So. 3d 175, 185.

 Vehicular traffic on public roads is statutorily regulated in Louisiana;

these statutes and the related jurisprudence establish the duty of care

applicable to the operation of motor vehicles on public roads in Louisiana.

 La. R.S. 32:104(A) states:

> No person shall…turn a vehicle to enter a private road or
> driveway…unless and until such movement can be made
> with reasonable safety.[5]

 La. R.S. 32:141(A) states:

> Upon any highway outside of a business or residence
> district, no person shall stop, park, or leave standing any
> vehicle, whether attended or unattended, upon the paved
> or main traveled part of the highway when it is practicable
> to stop, park or so leave such vehicle off such part of said
> highway, but in every event an unobstructed width of the
> highway opposite a standing vehicle shall be left for the
> free passage of other vehicles and a clear view of such
> stopped vehicles shall be available from a distance of two
> hundred feet in each direction upon such highway.

---

[5] La. R.S. 32:101(A) provides that "the driver of a vehicle intending to turn *at an intersection* shall…" (Emphasis added). The term "intersection," for this purpose, means the place where to highways joined one another at (or approximately at) right angles, or the area within which vehicles traveling upon different *highways* joining at any other angle may come in conflict." La. R.S. 32:1(33)(a) (Emphasis added). "Highway means the entire with between the boundary lines of every way or place of whatever nature publicly maintained in open to the use of the public for the purpose of vehicular travel." La. R.S. 32:1(32). The plaintiff's contention that La. R.S. 32:101 is applicable to this case is erroneous. It is undisputed that Mason Forest Product's driveway is a "private drive," not a highway intersection.

Recently, in *Hester v. Walker*, 20-01278 (La. 5/13/21), 320 So. 3d 362, the Louisiana Supreme Court held that La. R.S. 32:141 is inapplicable to vehicles "stopped on a highway on a temporary or momentary basis while waiting to turn." The *Hester* court added, "any interpretation which would apply the statute to a brief temporary stop made as a matter of necessity in the ordinary course of traffic would result in *absurd consequences*." (Emphasis added).[6]

In effect, the defendants argue that the plaintiff cannot prove that Mr. Dziedzic breached the applicable standard of care. To avoid summary judgment, plaintiff must either: (1) introduce, for the purpose of summary judgment, evidence sufficient to establish a prima facie case that Mr. Dziedzic breached his duty; or (2) demonstrate that she has not had an adequate opportunity for discovery. La. C.C.P. art. 966(A)(3) & (D).

The facts are not in dispute. It is only ultimate conclusions that are in dispute. We hold that it was not a breach of duty for Mr. Dziedzic to commence the right turn when he could not determine beforehand that he would be able to immediately complete the turn. As recognized in *Hester, supra*, motor vehicles often temporarily stop in a lane of travel and do so for various reasons, including waiting to make a turn and avoiding hitting pedestrians in a crosswalk. In making a right turn, the motorist's duties to following traffic are satisfied if the turning motorist decelerates at a reasonable rate and timely activates the appropriate signal lights. A

---

[6] La. R.S. 32:71 provides that, on two-way highways with more than one lane going in each direction, vehicles are to be driven in the right lane except when the right lane is closed/obstructed, or when passing another vehicle that is in the right lane. The plaintiff contends that Mr. Dziedzic violated this statute when he veered into the left lane to afford his turn enough width. Even if true, this is immaterial because such a violation did not and could not have any causal relationship with the accident.

motorist's duty of care obviously does not prohibit stopping in the lane of travel and waiting to commence or complete a turn. Indeed, a motorist generally may stop in the appropriate lane of the roadway and wait to commence a turn when the way is not clear. Similarly, when a motorist commences a right turn without being able to ascertain in advance whether the turn can be completed, the motorist may stop the vehicle in the roadway if an obstruction prevents completion of the turn.

Mr. Dziedzic's undisputed testimony indicates that his view of the driveway was obstructed, and therefore, he could not determine in advance whether he would be able to complete the turn. Based on the evidence admitted for the purpose of summary judgment, no reasonable factfinder could conclude that, under these circumstances, Mr. Dziedzic breached any duty of care in commencing the turn without being able to complete it.

The plaintiff asserts a second, alternative act of negligence on the part of Mr. Dziedzic. Specifically, plaintiff contends that Mr. Dziedzic had room to complete the turn and get his vehicle and trailer completely out of the highway prior to Ms. Liles' arrival at the point of contact, but failed to do so. In support, the plaintiff cites the photographs taken by the investigating officer at the scene of the crash. Alone, these photographs, which were taken *after* the accident, cannot constitute prima facie proof that Mr. Dziedzic had room to completely get his vehicle and trailer out of the road *prior* to the accident. Furthermore, even if it is assumed that no additional room became available after the accident but before the photographs were taken, the photographs nonetheless do not and cannot sufficiently prove that there was sufficient room to get *enough* of the trailer out of the road to prevent the accident.

9

The plaintiff also asserts that there is an issue regarding why Mr. Dziedzic could not pull in further. According to the investigating officer's deposition testimony, Mr. Dziedzic said there was a vehicle in the way. In his own deposition testimony, Mr. Dziedzic testified that "immediately" in front of his vehicle there was a fence, not another vehicle. The plaintiff claims this is an inconsistency in the statements of Mr. Dziedzic. However, this is specious "cherry picking" by the plaintiff. Plaintiff's counsel accurately cited the page and line of the deposition transcript wherein it is reflected that Mr. Dziedzic *did* state that there was a fence directly in front of his vehicle. However, plaintiff's counsel conspicuously omits the fact that, on the next page of the deposition transcript, Mr. Dziedzic stated there was a vehicle to the right side of him that his trailer would have struck it had he continued to pull forward. The video confirms that there was a flatbed truck/trailer and two 18-wheelers parked on the right side of the driveway. Furthermore, Mr. Dziedzic adamantly testified that it was less than 3 feet of space between the front end of his vehicle and the fence. The plaintiff has failed to establish prima facie evidence that Mr. Dziedzic could have pulled into the driveway far enough to prevent the collision.

**Motion to compel and motion to continue**

The plaintiff argues that the trial court erred in denying her motion to compel discovery of: (1) Nelson Freight's safety and operating manuals, standards and policies; and (2) Nelson Freight's communications with Mr. Dziedzic regarding the trip he was on when the crash occurred. The plaintiff contends that these materials are relevant because they may demonstrate that Mr. Dziedzic failed to follow instructions in pulling into the Mason Forest driveway when he could not complete the turn, and

10

therefore, breached the applicable duty of care. The plaintiff further argues that this error rendered her opportunity for discovery inadequate pursuant to La. C.C.P. art. 966(A)(3), thus precluding summary judgment and necessitating a continuance.

The defendants objected to producing these documents on the ground that the documents are not relevant.

La. C.C.P. art. 1422 defines the general scope of discovery as follows:

> *Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action*, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. (Emphasis added).

"In ruling upon discovery matters, the trial court is vested with broad discretion, and, upon review, an appellate court should not disturb such rulings absent a clear abuse of discretion." *Acadiana Renal Physicians v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, 21-586 (La. App. 3 Cir. 10/4/21), 329 So. 3d 418, 427, *writ denied*, 2021-01615 (La. 1/12/22), 330 So. 3d 624, *writ denied*, 21-01614 (La. 1/12/22), 330 So. 3d 629. In conducting its review, the appellate court must balance the information sought in light of the factual issues involved and the hardships that would be caused by the court's order when determining whether the trial court erred in ruling on a discovery order. *Favrot v. Favrot*, 12-1573, p. 4 (La. App. 4 Cir. 5/1/13), 115 So. 3d 1190, 1193, *writ-denied,* 13-1735 (La. 11/1/13), 125 So. 3d 433.

11

La. C.E. art. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, "[b]ecause it is the applicable substantive law that determines materiality, whether a particular fact in dispute is 'material' for summary judgment purposes can be seen only in light of the substantive law applicable to the case." *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So. 2d 131, 137.

The trial court did not abuse its discretion in denying the plaintiff's motion to compel discovery. As explained above, La. R.S. 32:104(A) and the related jurisprudence define a driver's duty in making a right turn into a private drive from a public roadway. Therefore, Nelson Freight's safety and operating manuals and policies are immaterial to Mr. Dziedzic's duty of care. The same is true of Nelson Freight's communications with Mr. Dziedzic. The denial of the plaintiff's motion to compel did not render the plaintiff's opportunity for discovery inadequate.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is **AFFIRMED**. All costs of this appeal are taxed to the plaintiff.