Judgment rendered November 16, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,795-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

TAMARA MCGEE                                    Plaintiff-Appellant

versus

ASHFORD PLACE                                   Defendant-Appellee
APARTMENTS, LLC

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2018-3105

Honorable Alvin Rue Sharp, Judge

* * * * *

THE BRUSCATO LAW FIRM                           Counsel for Appellant
By: John F. Bruscato

LEWIS, BRISBOIS, BISGAARD & SMITH               Counsel for Appellee
By: Michael L. Barras
    Cynthia G. Sonnier

* * * * *

Before MOORE, STONE, and STEPHENS, JJ.

**STONE, J.**

This appeal from the Fourth Judicial District Court, the Honorable Alvin Sharp presiding, regards that court's judgment granting the defendant's motion for summary judgment ("MSJ") and dismissing the plaintiff's personal injury lawsuit with prejudice. The plaintiff, Tamara McGee, was a resident at the apartment complex owned by the defendant, Ashford Place Apartments, LLC. While the bathtub was filling with hot water, the plaintiff suffered a seizure in the bathroom and fell into the bathtub; as a result, she suffered second and third degree burns to her leg. For the reasons stated herein, we reverse the judgment of the trial court.

## FACTS

To establish the defendant's fault in causing her injuries, the plaintiff alleged that the water that burned her was 140 degrees Fahrenheit,[1] and that the defendant's employee: (1) improperly installed the water heater by failing to connect it to the scald prevention valve which limits temperature to 125 degrees; and/or (2) subsequently adjusted the temperature of the water heater to 140 degrees, an unreasonably dangerous water temperature; and/or (3) failed to heed the warning on the water heater that severe burns (scalding) could occur if temperature reached or exceeded 125 degrees.

The defendant's MSJ asserted that the plaintiff cannot prove the water temperature or the water heater temperature setting at the time of the incident. This, the defendant contends, precludes the plaintiff from establishing the prima facie case for negligence. The MSJ further asserts that the plaintiff cannot prove that the defendant knew or should have known of

---

[1] All references to temperature for the remainder of this opinion are degrees Fahrenheit.

any allegedly dangerous condition of the water heater, and that such is also fatal to the plaintiff's claim.

In her opposition to summary judgment, the plaintiff submitted her own affidavit, which is outlined in this paragraph. The defendant, through its employee, installed a new water heater in the plaintiff's apartment during her tenancy, about three months before the incident. Between the time of the installation and the incident, she complained to the defendant that the water was too cool for bathing, and that defendant's employee increased the temperature setting on the water heater without notifying plaintiff of the specific temperature to which the setting was increased. At no time before or after the incident did the plaintiff or anyone on her behalf adjust the thermostat to 140 degrees. The plaintiff first learned of that temperature setting after she returned from the hospital.

The plaintiff also submitted the affidavit of Kenneth Green ("Mr. Green"), a "Certified Building Official." His testimony is outlined in this paragraph. After the incident, Mr. Green examined the water heater and found that both heating elements were set at 140 degrees, and the water temperature coming out of the faucet was 139 degrees. He also found a conspicuous warning label on the water heater stating that "[w]ater temperature over 125 degrees can cause severe burns instantly or death from scalds. Children, disabled, and elderly are at highest risk of being scalded." This warning label is depicted in a photograph attached to Mr. Green's affidavit. Additionally, he found that the temperature and pressure relief valve was not connected; had this valve been connected any water coming out of the heater above 125 degrees would have been diverted – and not come out of the faucet. Subsequently, in a second inspection, Mr. Green had

the defendant's personnel adjust the temperature setting to 125 degrees, and thereupon Mr. Green measured the temperature coming out of the faucet consistently at 118 degrees.

The plaintiff additionally submitted the affidavit of Dr. James Wetzel ("Dr. Wetzel"), which is outlined in this paragraph. Dr. Wetzel is experienced in treating thermal injuries. He stated that a scalding injury can result from contact with water at or above 120 degrees, and that the "general consensus in the medical literature is that exposure to water greater than 120 degrees even for brief amounts of time can result in burn injury." Finally, Dr. Wetzel opined that the plaintiff's injuries would not have occurred if the water temperature had been below 120 degrees.

### DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791, 814. A genuine issue is one regarding which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764.

Furthermore, "[i]n determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Marioneaux v. Marioneaux*, 52,212 (La. App.

3

2 Cir. 8/15/18), 254 So. 3d 13, 20-21. The prohibition on making credibility determinations on summary judgment extends to expert affidavits admitted without objection. *Aziz v. Burnell*, 21-187 (La. App. 3 Cir. 11/3/21), 329 So. 3d 963; *Thompson v. Center for Pediatric and Adolescent Med.*, LLC 17-1088 (La. 1 Cir. 3/15/18), 241 So. 3d 441. Finally, the court must draw those reasonable inferences from the undisputed facts which are most favorable to the party opposing the motion; likewise, all doubt must be resolved in the opposing party's favor. *Wyrick v. Golden Nugget Lake Charles, LLC*, 20-0665 (La. App. 1 Cir. 12/30/20), 317 So. 3d 708.

La. C.C.P. art. 966(D)(1) allocates the burden of proof on a motion for summary judgment as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). Furthermore, the court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. C.C.P. art. 966(D)(2).

4

The duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability under La. C.C. art. 2315. *Mathieu v. Imperial Toy Corp.,* 94-0952, p. 4 (La. 11/30/94), 646 So. 2d 318, 321. This approach provides an analytical framework for evaluation of liability and requires proof by the plaintiff of five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiffs injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiffs injuries (legal cause); and (5) the actual damages (the damages element). *Fowler v. Roberts,* 556 So. 2d 1, 4 (La. 1989), *reh'g granted on other grounds and original opinion reinstated as supplemented*, 556 So. 2d at 13 (La. 1990); *Ebarb v. Matlock*, 46,243 (La. App. 2 Cir. 5/18/11), 69 So. 3d 516, *writ denied*, 11-1272 (La. 9/23/11), 69 So. 3d 1164.

The plaintiff would bear the burden of proof at trial. Thus, to avoid summary judgment, she had to introduce--for the purpose of summary judgment--prima facie evidence of the matters addressed in the defendant's MSJ. La. C.C.P. art. 966(D)(1). The plaintiff satisfied that burden.

The plaintiff's affidavit attests that: (1) she found the temperature setting at 140 degrees after the accident; and (2) neither she nor anyone on her behalf adjusted the temperature after the accident (but before her observation of the temperature setting). Kenneth Green's affidavit states that he measured the water temperature coming out of the faucet while the temperature was set at 140 degrees, and found that the actual temperature was 139 degrees. This affidavit testimony is sufficient for a reasonable juror

to conclude that, at the time of the accident, the heater was set at 140 degrees and the actual water temperature was 139 degrees. Dr. Wetzel's affidavit testimony is sufficient for a reasonable juror to conclude that it was indeed the water that scalded the plaintiff.

Furthermore, the plaintiff's affidavit testimony that the defendant's employee installed the water heater and later adjusted its temperature setting is sufficient for a reasonable juror to conclude that the defendant, through its employee, knew or should have known that the temperature was set at 140 degrees. Kenneth Green's affidavit testimony that the water heater has a conspicuous warning that temperatures above 125 degrees can cause severe injuries or death is sufficient for a reasonable juror to conclude that the defendant's employee should have known that 140 degrees was dangerously hot.

Additionally, Kenneth Green's affidavit states that the temperature relief valve: (1) was not connected; but (2) would have been connected had a qualified plumber done the installation; and (3) would have prevented the plaintiff's injuries had it been properly connected. This suffices for a reasonable juror to conclude that the defendant was negligent in sending an unqualified worker to install the water heater and/or that the worker was negligent in failing to properly connect the safety valve.

The defendant's motion for summary judgment is does not negate all genuine issues of material fact and should have been denied. However, we take moment to explain why the analysis suggested to this court by the defendant is out of bounds on summary judgment. First, the defendant suggests that there is no evidence of the temperature of the bathwater that allegedly burned the plaintiff. This suggestion is incorrect. As explained

above, a reasonable juror could infer from the plaintiff's affidavit testimony that the temperature was set at 140 degrees at the time of the incident. A reasonable juror could also infer from Mr. Green's affidavit that, at the time of the incident, the actual temperature of the water coming out of the bathtub faucet was 139 degrees. To hold that this affidavit testimony is insufficient would run afoul of this Court's duty to draw all reasonable inferences in favor of the party opposing the motion for summary judgment. *Wyrick, supra*.

Second, the defendant suggests that the plaintiff's affidavit testimony in general lacks credibility because: (1) she waited six weeks after the incident before reporting it to the defendant; (2) she did not offer an affidavit by her houseguest to corroborate her own testimony of what happened; (3) she admittedly did not remember any of the incident after the onset of her seizure; and (4) she apparently continued using the bathtub after the accident with the maximum temperature still set at 140 degrees. For this court to countenance any of those arguments would be to violate the prohibition against weighing evidence and making credibility determinations on summary judgment. *Marioneaux, supra.* Also, the plaintiff's use of the bathtub after the incident despite the 140 degree maximum temperature setting proves nothing. It merely established the upper temperature limit of water coming out of the heater; it did not necessarily cause all water coming out of the faucets to be 140 degrees. This court is required to infer that, in using the bathtub after her accident, the plaintiff used the faucet to set the temperature safely below the maximum. *Wyrick, supra*. We are also compelled to alternatively infer that the plaintiff may have filled the tub at

7

maximum temperature but allowed the water to cool to a safe temperature before she entered. *Id.*

Third, the defendant attacks the credibility of the plaintiff's affidavit testimony that, pursuant to her request, the defendant sent an employee to adjust her water temperature upward (prior to the accident). The ground for this attack is the absence of the plaintiff's request from the defendant's work order ledger. Again, this is an invitation for the court to weigh evidence and determine credibility on summary judgment and is, therefore, inappropriate and must be disregarded. *Id.*

The defendant also asks this court to question the credibility of the plaintiff's expert's affidavit because of an attachment thereto which states that the plaintiff could have sustained second-degree burns if she remained immersed in 120 degree water for nine minutes. Countenancing this argument would run afoul of the prohibition against making credibility determinations on summary judgment. *Aziz, supra; Thompson, supra.* Furthermore, this argument is purely hypothetical – the plaintiff's evidence constitutes prima facie proof that the water was 139 degrees at the time of the accident. What effect 120 degree water would have had on the plaintiff had she been immersed in it for nine minutes appears speculative and immaterial.

**CONCLUSION**

The judgment of the trial court is **REVERSED**, and this matter is remanded for further proceedings in accordance with this opinion. All costs of this appeal are assessed to the defendant, Ashford Place Apartments, LLC.

8